

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KCB:DEL/JKW/JBD/AP                    *271 Cadman Plaza East*
F. #2020R00851                        *Brooklyn, New York 11201*

May 15, 2024

By ECF and E-mail

The Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Martial H. Amilcar, et al.
     Criminal Docket No. 23-18 (S-1) (AMD)

Dear Judge Cho:

   The government writes in advance of the Court's arraignment of defendant Martial C. Amilcar on the charges in the above-captioned superseding indictment (the "Superseding Indictment") to file this amended memorandum concerning detention.[1] As set forth below, the charged defendants (the "Defendants" are members of the Hyena Crips, a violent street gang operating in the Flatbush neighborhood of Brooklyn, New York, and elsewhere.

   On May 9, 2024, a grand jury sitting in the Eastern District of New York returned a superseding indictment charging (i) Martial H. Amilcar, Martial C. Amilcar, Bradley Augustin, Dave Augustin, Matthew Harris, Rick Jasmin, Wisny Joseph and Richler Morette with one count of racketeering, in violation of Title 18, United States Code, Section 1962(c), predicated on twelve racketeering acts (including the 2019 murder of Samuel Joseph, the 2020 murder of Roodson Polynice and the 2012 murder of Leandre Mallinckrodt); and (ii) Martial H. Amilcar and a co-conspirator with using a firearm during

---

   [1] The government filed a detention memorandum on May 14, 2024 before the arraignments of co-defendants Dave Augustin, Wisny Joseph and Matthew Harris. Because Martial C. Amilcar was still at large, the government did not include his name or discussion of his participation in the charged offenses in the partially unsealed indictment or detention memorandum. This amended filing incorporates Martial C. Amilcar's role in the Enterprise and the charged offenses.

and in relation to the murder-in-aid-of racketeering of Samuel Joseph, in violation of Title 18, United States Code, Section 924(j).

       For the reasons set forth more fully below, including the defendants' coordinated efforts to commit violent crimes, along with their violent criminal histories, the government submits that each of the defendants is both a flight risk and a danger to the community, and no combination of conditions can secure their appearance at trial and the safety of the community.[2]

I.   <u>Legal Standard</u>

       The court "shall order" a defendant detained if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  The government bears the burden of persuading the court by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant is a danger to the community.  <u>United States v. Mercedes</u>, 254 F.3d 433, 436 (2d Cir. 2001).  In cases such as this, however, where there is probable cause to believe a defendant has violated 18 U.S.C. § 924(c), there is a statutory presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(B).  Even if a defendant can overcome that presumption, the special risk of dangerousness posed by defendants who have committed such crimes "remains a factor to be considered among those weighed by the district court." <u>Mercedes</u>, 254 F.3d at 436.

       The government may proceed by proffer to establish facts relevant to detention determination.  <u>United States v. Ferranti</u>, 66 F.3d 540, 541 (2d Cir. 1995).  Furthermore, "[t]he rules of evidence do not apply in a detention hearing."  <u>Id.</u> at 542.  As the Second Circuit has explained:

       [I]n the pre-trial context, few detention hearings involve live testimony or cross examination. Most proceed on proffers.  <u>See</u> <u>United States v. LaFontaine</u>, 210 F.3d 125, 131 (2d Cir. 2000). This is because bail hearings are "typically informal affairs, not substitutes for trial or discovery."  <u>United States v. Acevedo-</u>

---

[2]     Defendant Martial H. Amilcar is in federal custody pursuant to a previously entered permanent order of detention in connection with the original indictment in the above-captioned case.  <u>See</u> ECF Dkt. No. 11.  Defendant Richler Morette is in federal custody pursuant to previously entered permanent orders of detention in a separate, pending E.D.N.Y. case.  <u>See</u> <u>United States v. Augustin, et al.</u>, No. 22-CR-18 (DG), ECF Dkt. Nos. 4, 7.  Another defendant, Rick Jasmin, is also in federal custody serving time in connection with a recent E.D.N.Y. conviction.  <u>See</u> <u>United States v. Jasmin</u>, No. 23-CR-248 (DG), ECF Dkt. No. 42.  The defendant Bradley Augustin is in state custody in Pennsylvania as a result of a violation of the terms of his probation.

Ramos, 755 F.2d 203, 206 (1st Cir. 1985) (Breyer, J.) (quoted approvingly in LaFontaine, 210 F.3d at 131). Indeed, § 3142(f)(2)(B) expressly states that the Federal Rules of

Evidence do not apply at bail hearings; thus, courts often base detention decisions on hearsay evidence. Id.

United States v. Abuhamra, 389 F.3d 309, 320 n.7 (2d Cir. 2004).

Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, "including whether the offense is a crime of violence . . . or involves a minor victim or . . . firearm"; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including "whether, at the time of the current offense or arrest, the person was on probation [or] on parole"; and (4) the seriousness of the danger posed by the defendant's release. See 18 U.S.C. § 3142(g). Specifically, in evaluating dangerousness, courts consider not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "'the danger that the defendant might engage in criminal activity to the detriment of the community.'" United States v. Millan, 4 F.3d 1038, 1048 (2d Cir. 1993) (quoting legislative history).

## II.   Argument

For the reasons set forth below, the Defendants would each pose a significant danger to the community if released pending trial, and no combination of bail conditions would ensure the safety of the community and the Defendants continued appearance before the Court. Permanent orders of detention should therefore be entered.

### A.   The Enterprise

As alleged in the Superseding Indictment, the Hyena Crips is a violent street gang with members principally located in Brooklyn, New York. Members and associates of the Hyena Crips engaged in acts involving murder, assault, robbery, drug trafficking, bank fraud, access device offenses and other crimes. Participation by a member or an associate in criminal activity, especially violence directed at rival gangs or anyone who disrespected the Hyena Crips, increased the respect accorded to that member or associate and could result in gaining entrance to the Hyena Crips or to promotion to a leadership position.

All of the Defendants' membership in the enterprise is confirmed through evidence seized from cellular telephones and social media accounts, among other sources. Seized photographs and videos depict the Defendants displaying gang signs for the Hyena Crips, referring to each other as "Hyenas," "Heenz" or some variation of hyena, using social media emojis associated with the Hyena Crips, including a bluish/purple face with horns and an animal resembling what appears to be a hyena, wolf or fox, and, critically, engaging in

communications regarding (i) various illegal schemes designed to enrich themselves and the enterprise; and (ii) violence against rival gang members.

The investigation revealed that the Defendants made money for the gang through various check and credit card fraud offenses (called "scamming"), and robberies and carjackings. For instance, several Defendants—Martial C. Amilcar, Dave Augustin, Matthew Harris, Rick Jasmin, Wisny Joseph, and Richler Morette—are charged with conspiring to commit identity fraud in connection with fraudulently obtaining unemployment benefits and loans issued by the Small Business Administration for relief during the COVID-19 pandemic. Dave Augustin, Harris, Martial C. Amilcar, Joseph and Morette are also charged with money laundering conspiracy arising from their fraudulently opening bank accounts to conceal the source of ill-gotten gains obtained by members of the Hyena Crips.

More specifically, the evidence shows that these defendants stole the identities of innocent victims, used those stolen identities to obtain money intended for those individuals and businesses hit hardest by the COVID-19 pandemic, and then funded gang operations and enriched the gang's leadership. Text messages and other evidence make clear that Dave Augustin specifically directed lower-level gang members about how to submit fraudulent claims. The evidence also reflects the significant role that Matthew Harris played in organizing fraudulent schemes and in directing that the funds be used to support the gang's operations—which, as described above, included murders, assaults and violent robberies.

Beyond making money illegally and for their own gain, the Hyena Crips agreed to commit and committed various acts of violence for the purpose of establishing, maintaining and increasing their power and reputation as an Enterprise. As part of its operation, the Hyena Crips sought retaliation against rival crews that wronged members of the Enterprise. Members of the Hyena Crips were instructed to shoot, stab and otherwise injure members of rival gangs whenever the opportunity presents itself. Members were told that carrying out such violent acts against rival gang members or Hyena Crips members and associates who violate the gang's rules earned members a higher place of respect within the gang. In particular, the Hyena Crips have engaged in acts of violence against individuals believed to be members of the Haitian Loc ("HL"). Some of these violent acts are outlined below in more detail.

On September 3, 2012, Rick Jasmin and other members of the Hyena Crips were at the West Indian Day Parade in Brooklyn when a melee broke out during the festivities. During that brawl, Jasmin fatally stabbed Leandre Mallinckrodt, who had been visiting Brooklyn from out of town, in the neck. Jasmin mistook Mallinckrodt as a rival gang member. The evidence includes witness testimony from individuals present during and following the stabbing, surveillance video before and after the incident which captured

4

Jasmin at the parade in distinctive clothing, and consensual recordings of Jasmin discussing the murder.

On March 14, 2014, members of the Hyenas committed an armed robbery of a Caribbean Air Mail check cashing business on Flatlands Avenue in Brooklyn, New York. Defendant Joseph drove three individuals to rob the location. Once there, one Hyena member, armed with a firearm, ordered the customers to the ground, and the perpetrators stole more than $13,000 from the business as well as two cell phones from its employees. Immediately after the robbery, Joseph received the proceeds of the robbery and divided them among himself and the perpetrators. The evidence includes witness testimony, expert testimony, surveillance video, and messages on social media in the days before and after the robbery.

On February 22, 2019, members of the Hyenas, including Martial H. Amilcar and a co-conspirator, shot and killed 15-year-old Samuel Joseph. The circumstances of this murder were described in a prior detention memorandum filed in connection with Martial H. Amilcar's January 12, 2023 arrest at ECF No. 7. The evidence includes witness testimony, surveillance video which track the defendants' travel to and from the crime scene, and social media posts.

On May 23, 2020, Rick Jasmin used a gun shared among members of the Hyenas to shoot an individual ("John Doe #1") in the face following an argument resulting from a dice game. John Doe #1 was rushed to the hospital and survived his injuries. The evidence includes witness testimony, surveillance video, a 911 call, and messages on social media.

On June 9, 2020, Martial H. Amilcar attempted to commit a daytime gunpoint robbery of a pharmacy located on Avenue H in Brooklyn. Martial H. Amilcar, who was holding a firearm, along with two other individuals dressed in masks and black clothing, entered the pharmacy and ordered the customers and employees to the back of the store. As shown on the video surveillance, Martial H. Amilcar put his hands around one of the women's throats, brandished a firearm, and ordered the woman to the back of the store. Video surveillance then shows Martial H. Amilcar jumping over the cashier's counter towards the back office and shortly thereafter jumping back over the counter, crashing to the ground. One of the perpetrators threw a chair at a store employee who confronted them. The men then fled. The following day, in a conversation on Facebook, Martial H. Amilcar referenced the video of the robbery and sent several laughing/crying emojis. The evidence includes witness testimony, surveillance video, and social media messages and posts.

On June 19, 2020, Martial H. Amilcar and other members of the Hyena Crips attempted another robbery of a Caribbean Air Mail store on Hempstead Avenue in Queens. Three men entered the store, one of whom was carrying a silver gun. One of the perpetrators approached a customer who was on the phone and demanded she hang up the phone. Another perpetrator demanded the employee open the door to access the back and the employee fled. The three men then left the store, unable to access the cash. Two

perpetrators fled in the vehicle driven by Martial H. Amilcar who was waiting outside the premises. The evidence includes witness testimony, surveillance video, social media posts and NYPD reports.

Several Defendants, namely Dave Augustin, Martial C. Amilcar, Bradley Augustin, and Richler Morette, are charged with conspiring to kill members and associates of rival gangs. In messages on Facebook in July 2020, Augustin directed others to shoot certain high-ranking opposition members. In another example, in messages exchanged in October and December 2020, Augustin and Morette agreed to kill certain rival gang members. In one plan they discussed in October 2020, Augustin and Morette agreed that Augustin could shoot the rival while Augustin was pushed in a wheelchair (so as to appear non-threatening). In another discussion about killing their rivals, Morette provided a Coney Island address where he believed a high-ranking member of an opposition gang could be located. In an August 2021 conversation among several gang members seized in a search of a cell phone, Martial C. Amilcar identified the location for a rival gang member so the Hyena could "apply pressure" and later to "finish him then we go party [and] celebrate in the hood." Despite wearing a court-issued GPS monitor, Martial C. Amilcar told fellow Hyenas that he had gone to the location where the opposition gang member was located but no other gang members arrived. Augustin then berated the other members, instructing them they need to "step . . . up."

In another example of senseless, tragic violence against perceived members of rival gangs, Dave Augustin directed Bradley Augustin, Morette and other members of the Hyena Crips to retaliate against a rival gang for the non-fatal shootings of two Hyena Crips leaders. On September 2, 2020, Bradley Augustin, Morette and others shot and killed Roodson Polynice during a drive-by shooting in Brooklyn while Polynice was in his car. Polynice was not a member of any gang but instead happened to be in an area frequented by members of a rival gang. Following the murder, Morette responded to a group Facebook messages about Polynice's death in which he replied with three laughing-face emojis, before callously stating, "[d]on't care who got hit" and "pic [sic] a side or get killed with them Hyenalifestyle or no life." Among other evidence, cell site evidence placed both Bradley August and Morette within the vicinity of the shooting at the approximate time of its occurrence.

B. The Defendants Are Dangers to the Community

In addition to the serious nature of the crimes set forth above, the Defendants' respective roles in the charged crimes reveal further evidence of the danger they pose to the community. Moreover, as outlined below, many of them have serious criminal histories which also weigh substantially in favor of detention.

Courts have consistently held that where a defendant is associated with a violent criminal organization, no conditions—even stringent conditions of home confinement—are sufficient to protect the community. See United States v. Irizzary, No. 17-CR-283 (LAP), 2020 WL 1705424, at *3 (S.D.N.Y. Apr. 8, 2020) ("Even under normal

conditions, electronic monitoring does not suffice to restrain violent criminals who, like [the defendant], are members of organized gangs."); United States v. Choudhry, 941 F. Supp. 2d 347, 359 (E.D.N.Y. 2013) ("It is well established that home detention and electronic monitoring may be insufficient to protect the community against dangerous individuals, particularly where those individuals have the ability to command others to do their bidding."); United States v. Gotti, 219 F. Supp. 2d 296, 299 (E.D.N.Y.) ("In circumstances where the government has demonstrated that a defendant is a leader of an organized crime family, the Second Circuit has uniformly held that the defendant is dangerous because inherent in the leadership position is the supervision of criminal activity that cannot be curtailed by any condition or combination of conditions of release."), aff'd sub nom. United States v. Ciccone, 312 F.3d 535 (2d Cir. 2002).[3]

   i.   Dave Augustin

   Dave Augustin is a leader and high-ranking member of the Hyena Crips.  He is charged with the 2020 murder, and conspiracy to commit the murder, of Roodson Polynice (Count One, R.A. 12); the conspiracy to murder rival gang members and associates (Count One, R.A. 10); the conspiracy to murder John Doe #2 (Count One, R.A. 11); conspiracy to commit identity fraud in connection with unemployment insurance benefits and defrauding the Small Business Administration (Count One, R.A. 5 & 6); and conspiracy to commit money laundering (Count One, R.A. 7).[4]

   Dave Augustin has a 2013 felony conviction for criminal sale of a firearm in the first degree (the sale of ten or more firearms within one year), in violation of New York Penal Law Section 265.13, a class B felony, for which he was sentenced to a term of six years' imprisonment and five years' post-release supervision.  In 2009, Dave Augustin pled guilty to a petit larceny, in violation of New York Penal Law Section 155.25, a Class A misdemeanor, and received a conditional discharge.

   On February 9, 2024, Dave Augustin pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in this District and on May 7, 2024, he was

---

[3]  See also United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993) ("electronic surveillance systems can be circumvented by the wonders of science and of sophisticated electronic technology"); accord United States v. Brennerman, 705 F. App'x 13, 16 (2d Cir. 2017); United States v. Dono, 275 F. App'x 35, 37 (2d Cir. 2008); United States v. Kelly, No. 19-CR-286 (AMD), 2020 WL 2528922, at *3 (E.D.N.Y. May 15, 2020) ("Nor are the defendant's proposed measures—that he be kept on home confinement and monitored by pretrial services—sufficient to eliminate the danger to the community.").

[4]  A chart listing the charges by defendants is appended to this memorandum.

sentenced to 27 months' imprisonment (a time served sentence, which accounted for his pretrial detention since December 2021).  See 22-CR-18 (DG).

### ii.  Martial C. Amilcar

Martial C. Amilcar is a member of the Hyena Crips.  He is charged with the conspiracy to murder rival gang members and associates (Count One, R.A. 10); the conspiracy to commit identity fraud in connection with unemployment insurance benefits and defrauding the Small Business Administration (Count One, R.A. 5 & 6); and conspiracy to commit money laundering (Count One, R.A. 7).  Despite his long-time membership in the Hyena Crips, Martial C. Amilcar has no criminal convictions that the government is aware fo at this time.  On April 27, 2024, Martial C. Amilcar was stopped by NYPD officers in a vehicle stop on Flatbush Avenue in Brooklyn, in which he initially refused to provide identification to the arresting officers who later determined that he was carrying a concealed dagger.

### iii.  Martial H. Amilcar

Martial H. Amilcar (Martial C.'s brother) is a member of the Hyena Crips.  He is charged with the 2019 murder of Samuel Joseph (Count One, R.A. 3 & Count Two); the June 9, 2020 attempted robbery of a Brooklyn pharmacy (Count One, R.A. 8); and the June 19, 2020 attempted robbery of a Queens Caribbean Airmail store (Count One, R.A. 9).

Martial H. Amilcar has the following four prior convictions, described below, and, notably, was on parole from a 2016 New York State conviction for attempted possession of a loaded weapon when he murdered Samuel Joseph.  On September 1, 2014, Martial H. Amilcar shot at three different individuals.  He was chased by police officers for four blocks until he was apprehended.  A loaded firearm with a defaced serial number was recovered at the location where Martial H. Amilcar was apprehended.  On June 27, 2016, Martial H. Amilcar pled guilty to Attempted Criminal Possession of a Weapon in the Second Degree in Kings County Supreme Court and was sentenced to two years' incarceration and two years' post-release supervision.  On April 11, 2015, law enforcement officers stopped Martial H. Amilcar while he was driving a car with a suspended license.  Martial H. Amilcar pled guilty to Aggravated Unlicensed Operation of a Motor Vehicle in Kings County Supreme Court and received a youthful offender adjudication and 30 days' incarceration.  On May 11, 2015, Martial H. Amilcar and another man approached a victim who was waiting for the bus. Martial H. Amilcar and the other man displayed a gun and demanded the victim's phone and chain.  The victim tried to flee, but Martial H. Amilcar and the other man caught him, kicked him, and removed his chain and phone.  Martial H. Amilcar pled guilty to Attempted Robbery in the First Degree in Kings County Supreme Court and received a youthful offender adjudication with one to three years' incarceration.  On August 26, 2020, police officers attempted to conduct a traffic stop of a vehicle that Amilcar was driving.  After initially pulling over, Martial H. Amilcar sped away and led police on a ten-minute chase through Brooklyn.  During this chase he drove over sidewalks and down the wrong way of one-way streets.  He also threw a loaded gun out of the car window, which was recovered.

Martial H. Amilcar ultimately pled guilty to being a felon-in-possession of a firearm and was sentenced to 23 months' incarceration and three years' supervised release.  See 20-CR-378.

Martial H. Amilcar is currently detained at the MDC awaiting trial.

### iv.  Bradley Augustin

Bradley Augustin is a member of the Hyena Crips.  He is charged with the 2020 murder, and conspiracy to commit the murder, of Roodson Polynice (Count One, R.A. 12); the conspiracy to murder rival gang members and associates (Count One, R.A. 11); and the June 19, 2020 attempted robbery of a Queens Caribbean Airmail store (Count One, R.A. 9).

Bradley Augustin has a 2021 Pennsylvania misdemeanor conviction for carrying a firearm without a license, for which he was sentenced to three years of probation and a 2021 Pennsylvania misdemeanor conviction for driving under the influence of alcohol or a controlled substance, for which he paid a fine.  He is currently in Pennsylvania state custody after he attempted to provide a fraudulent sample in a urinalysis test to his probation officer, violating the terms of his probation.

### v.  Matthew Harris

Matthew Harris is a member of the Hyena Crips.  He is charged with conspiracy to commit identity fraud in connection with defrauding the Small Business Administration (Count One, R.A. 6); and conspiracy to commit money laundering (Count One, R.A. 7).  In one instance, Harris obtained the personally identifiable information for an individual in whose name he obtained a loan from the Paycheck Protection Program ("PPP") for more than $100,000.  In a Telegram conversation, Harris stated that the proceeds of this loan and others will go to fund the Hyena Crips.  Specifically, Harris said:

> I'm tryna navigate this bread so everybody doin shit get sumn in they poccets over the next 2 weeks. Hopefully I can clear it all but wen/if I do get everything in hand $ wise n**** gon eat swell n we gon make strong moves for the cett [i.e., the Hyena Crips set] no greedy n thinkin for jus yaself shit gangsta.

Harris has no criminal convictions despite his multi-year membership in the Hyena Crips.

### vi.  Rick Jasmin

Rick Jasmin is a high-ranking member of the Hyena Crips.  He is charged with the 2012 murder of Leandre Mallincrodt (Count One, R.A. 1); the attempted murder of John

Doe #1 (Count One, R.A. 4); and the conspiracy to commit identity fraud in connection with unemployment insurance benefits (Count One, R.A. 5).

Jasmin has a 2016 misdemeanor conviction for criminal possession of a weapon in the fourth degree, in violation of New York Penal Law Section 265.01, for which he received a conditional discharge.  In 2021, Jasmin pled guilty in this District to using a communication facility to commit and facilitate the commission of a felony drug offense, in violation of 21 U.S.C. § 843(b), for which he was sentenced to time served.  See 21-CR-214 (FB).  In 2023, Jasmin pled guilty to committing fraud in connection with a means of identification, in violation of 18 U.S.C. § 1028(a)(7) and was sentenced to 21 months' imprisonment on February 9, 2024.  See 23-CR-248 (DG).  He is currently in federal custody.

vii.  Wisny Joseph

Wisny Joseph is a high-ranking member of the Hyena Crips.  He is charged with the March 2014 conspiracy to rob a Brooklyn check-cashing business (Count One, R.A. 2); conspiracy to commit identity fraud in connection with unemployment insurance benefits (Count One, R.A. 5); and conspiracy to commit money laundering (Count One, R.A. 7).

Witness testimony and social media evidence will show that Joseph also directed other members to commit robberies and fraud-related crimes to earn money for the members of Hyena Crips.  Testimony will also demonstrate that on several occasions, Joseph provided firearms to other members of the Hyena Crips.  In the summer of 2020, Joseph was attacked by opposition gang members.  Following Joseph's attack, members of the Hyena Crips engaged in several acts of violence or attempted violence in retaliation for Joseph's injuries, including the charged murder of Roodson Polynice.

Joseph has no criminal convictions despite his long-time membership in the Hyena Crips.

viii.  Richler Morette

Richler Morette is a member of the Hyena Crips.  He is charged with the 2020 murder, and conspiracy to commit the murder, of Roodson Polynice (Count One, R.A. 12); the conspiracy to murder rival gang members and associates (Count One, R.A. 10); conspiracy to commit identity fraud in connection with unemployment insurance benefits (Count One, R.A. 5); and conspiracy to commit money laundering (Count One, R.A. 7).

Morette has a 2018 felony conviction for criminal possession of stolen property in the fourth degree, in violation of New York Penal Law Section 165.45, a class E felony, for which he was sentenced to a term of 364 days' probation.  In 2023, Morette pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  See 22-CR-18 (DG).  Sentencing on that matter is scheduled for May 17, 2024.

D. <u>The Defendants Are Flight Risks</u>

The Defendants each pose a significant risk of flight given the penalties associated with the crimes charged and the strength of the government's case.  When the incentives to flee are so strong, as here, no combination of sureties and other restrictions can assure their appearance.  <u>See, e.g.</u>, <u>United States v. English</u>, 629 F.3d 311, 321-22 (2d Cir. 2011) (affirming detention in part because the defendant was charged under § 924(c), faced a presumption against release, and a mandatory minimum sentence that incentivized fleeing); <u>United States v. Henderson</u>, 57 F. App'x. 470, 471 (2d Cir. 2003) (summary order) ("the presumption regarding flight risk has changed because Becton now faces a ten-year mandatory minimum sentence").  That remains true even if the defendants are on electronic surveillance and home confinement.  <u>See</u> <u>United States v. Orena</u>, 986 F.2d 628, 632 (2d Cir. 1993) ("electronic surveillance systems can be circumvented by the wonders of science and of sophisticated electronic technology") (internal quotation marks omitted).

Further, Bradley Augustin and Joseph present a significant risk of flight because they are not United States citizens and have been residing in this country without legal status.  Given the penalties they face and their ties to other countries, they have every incentive to flee  <u>See</u> <u>United States v. Liebowitz</u>, 669 F. App'x 603, 605 (2d Cir. 2016) ("the lengthy jail sentence that could be imposed for the charged crimes provides an incentive to flee [and] the likelihood of flight is reinforced in this case by that fact that Liebowitz holds Australian as well as United States citizenship and has family members in Australia"); <u>United States v. Baig</u>, 536 F. App'x 91, 93 (2d Cir. 2013) (affirming detention order in part because the defendant "though a permanent resident of the United States, is a citizen of Pakistan and maintains ties there"); <u>United States v. Mercedes</u>, 254 F.3d 433, 438 (2d Cir. 2001) (ordering pretrial detention and reversing the district court's grant of release where the defendant was a legal permanent resident of the United States (not a citizen), faced a substantial sentence, and evidence linked him to a violent robbery); <u>United States v. El-Hage</u>, 213 F.3d 74, 80 (2d Cir. 2000) (noting that a defendant's "history of travel and residence in other countries" is a factor that has been long-approved by the Second Circuit in determining whether a defendant should be detained).

Bradley Augustin also uses the alias "Jean Altesse."  He has provided that name to a Pennsylvania employer and to law enforcement officers in Pennsylvania and New York City.  Providing a false identity to law enforcement officers demonstrates Bradley Augustin is a flight risk who can use this alias to evade detection by law enforcement.

III.    <u>Conclusion</u>

For the reasons set forth above, the government respectfully submits that no condition or combination of conditions will properly assure the safety of the community or the Defendants' return to court if the Defendants are released on bail, and therefore requests that the Court order that the Defendants be detained pending trial.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/_____
Devon Lash
Jessica K. Weigel
Joshua Dugan
Andrés Palacio
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (by ECF)

## CHART OF CHARGED OFFENSES BY DEFENDANT

| Defendant | Charge | Count / R.A. |
|---|---|---|
| Dave Augustin | Conspiracy to Commit Identity Fraud in Connection with Unemployment Benefits | Count One, R.A. 5 |
| | Conspiracy to Commit Identity Fraud in Connection with the Small Business Administration | Count One, R.A. 6 |
| | Conspiracy to Commit Money Laundering | Count One, R.A. 7 |
| | Conspiracy to Murder Rival Gang Members and Associates | Count One, R.A. 10 |
| | Conspiracy to Murder John Doe #2 | Count One, R.A. 11 |
| | Murder/ Conspiracy to Murder Roodson Polynice | Count One, R.A. 12 |
| Martial C. Amilcar | Conspiracy to Commit Identity Fraud in Connection with Unemployment Benefits | Count One, R.A. 5 |
| | Conspiracy to Commit Identity Fraud in Connection with the Small Business Administration | Count One, R.A. 6 |
| | Conspiracy to Commit Money Laundering | Count One, R.A. 7 |
| | Conspiracy to Murder Rival Gang Members and Associates | Count One, R.A. 10 |
| Martial H. Amilcar | Murder of Samuel Joseph | Count One, R.A. 3 Count Two |
| | Attempted robbery of a Brooklyn pharmacy | Count One, R.A. 8 |

| Defendant | Charge | Count / R.A. |
|---|---|---|
| | Attempted robbery of a Queens check-cashing store | Count One, R.A. 9 |
| Bradley Augustin | Attempted robbery of a Queens check-cashing store | Count One, R.A. 9 |
| | Conspiracy to Murder Rival Gang Members and Associates | Count One, R.A. 10 |
| | Murder/ Conspiracy to Murder Roodson Polynice | Count One, R.A. 12 |
| Matthew Harris | Conspiracy to Commit Identity Fraud in Connection with the Small Business Administration | Count One, R.A. 6 |
| | Conspiracy to Commit Money Laundering | Count One, R.A. 7 |
| Rick Jasmin | Murder of Leandre Mallincrodt | Count One, R.A. 1 |
| | Attempted Murder of John Doe #1 | Count One, R.A. 4 |
| | Conspiracy to Commit Identity Fraud in Connection with Unemployment Benefits | Count One, R.A. 5 |
| Wisny Joseph | Conspiracy to commit robbery of a Brooklyn check-cashing store | Count One, R.A. 2 |
| | Conspiracy to Commit Identity Fraud in Connection with Unemployment Benefits | Count One, R.A. 5 |
| | Conspiracy to Commit Money Laundering | Count One, R.A. 7 |
| Richler Morette | Conspiracy to Commit Identity Fraud in Connection with Unemployment Benefits | Count One, R.A. 5 |

| Defendant | Charge | Count / R.A. |
|---|---|---|
| | Conspiracy to Commit Money Laundering | Count One, R.A. 7 |
| | Conspiracy to Murder Rival Gang Members and Associates | Count One, R.A. 10 |
| | Murder/ Conspiracy to Murder Roodson Polynice | Count One, R.A. 12 |